**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

MONG SHAN CHANG,

    Plaintiff,

v.

THE PARTNERSHIPS AND UNINCORPORATED
ASSOCIATIONS IDENTIFIED ON SCHEDULE "A",

    Defendants.

Case No.: 1:26-cv-04193

Judge Manish S. Shah

Magistrate Judge Jeannice W. Appenteng

**PLAINTIFF'S MEMORANDUM IN SUPPORT OF PLAINTIFF'S**
**MOTION FOR ENTRY OF DEFAULT AND DEFAULT JUDGMENT AGAINST THE**
**<u>DEFENDANTS IDENTIFIED IN FIRST AMENDED SCHEDULE A</u>**

Plaintiff, MONG SHAN CHANG ("Chang" or "Plaintiff"), submits the following memorandum in support of Plaintiff's Motion for Entry of Default and Default Judgment under Fed. R. Civ. P. 55 against the Defendants identified in First Amended Schedule A (the "Defaulting Defendants") based on Plaintiff's action for Copyright Infringement (Count I). Excluded from this motion are Defendants that have satisfied the requirements of settlement with Plaintiff.

Plaintiff is the owner of the Copyright Registrations that protect the creative content of the Milkyprint Works. [1] at ¶ 8. Plaintiff is an artist and graphic designer whose work is light-hearted and whimsical, inspired by everyday life including ordinary moments, simple objects, clever puns, and values she holds close to her heart. *Id*. Plaintiff has expended substantial time, money, and other resources in developing, advertising, and otherwise promoting the Milkyprint Works. *Id*. at ¶ 9. Thus, the Milkyprint Products and Works are widely recognized and exclusively associated by consumers, the public, and the trade as being associated with and authorized by Plaintiff. *Id.*

The success of the Milkyprint Works is due in large part to Plaintiff's marketing, promotional, and distribution efforts. *Id.* at ¶ 13. As a result of Plaintiff's efforts, the quality of

Plaintiff's Milkyprint Products, the promotional efforts for Plaintiff's products and designs, press and media coverage, and social media coverage, members of the public have become familiar with the Milkyprint Works and associate them exclusively with Plaintiff. *Id.* at ¶ 14. Plaintiff has made efforts to protect Plaintiff's interests in and to the Milkyprint Works. *Id.* at ¶ 15. No one other than Plaintiff and Plaintiff's licensees is authorized to manufacture, import, export, advertise, create derivative works, offer for sale, or sell any goods utilizing the Milkyprint Works without the express written permission of Plaintiff. *Id.*

On information and belief, the Defendants create numerous Defendant Internet Stores and design them to appear to be selling genuine Plaintiff Products. *See id.* at ¶¶ 6, 11. The Defendant Internet Stores share unique identifiers, such as design elements and similarities of the infringing products offered for sale, establishing a logical relationship between them and suggesting that Defendants' illegal operations arise out of the same transaction, occurrence, or series of transactions or occurrences. *Id*. at ¶ 7. Defaulting Defendants conduct business throughout the United States, including within the State of Illinois and this judicial district, through the operation of the fully interactive commercial websites and online marketplaces operating under the Defendant online marketplace accounts (collectively, the "Defendant Internet Stores") identified in First Amended Schedule A. *Id*. at ¶¶ 2, 16. Each Defaulting Defendant targets the United States, including Illinois, and has offered to sell, and on information and belief, has sold and continues to sell Infringing Milkyprint Products to consumers within the United States, including the State of Illinois. *Id*.

Plaintiff filed this action on April 15, 2026, alleging Copyright Infringement and seeking statutory damages and injunctive relief. [1]. This Court granted Plaintiff's *Ex Parte* Motion for Leave to Conduct Expedited Discovery and Service of Process by E-mail and/or Electronic

Publication (the "Order") on April 20, 2026 [16]. Paragraph 2 of the Order [16] permitted Plaintiff to complete service of process to Defaulting Defendants by electronic publication and by sending an e-mail to any e-mail addresses provided for Defaulting Defendants by third parties. The Defendants identified in First Amended Schedule A that are associated with Amazon Payments, Inc. ("Amazon"), Temu, LLC ("Temu"), and PayPal, Inc. ("PayPal") accounts were properly served on May 1, 2026. [19]. The Defaulting Defendants have not entered an appearance or otherwise defended this action. *See* Declaration of Keith A. Vogt (the "Vogt Declaration") at ¶ 2.

Pursuant to Federal Rule of Civil Procedure 55(a) and (b)(2), Plaintiff now moves this Court for an Order entering default and default judgment, finding that Defaulting Defendants are liable on Count I of Plaintiff's Complaint. Fed. R. Civ. P. 55(a) and (b)(2). Plaintiff further seeks an award of statutory damages as authorized by 17 U.S.C. §504(c)(2) for willful copyright infringement. Plaintiff also seeks entry of a permanent injunction prohibiting Defaulting Defendants from selling Infringing Products, and that all assets in Defaulting Defendants' financial accounts operated by Amazon, Temu, and PayPal, as well as any newly discovered assets, be transferred to Plaintiff.

## ARGUMENT

### I.  JURISDICTION AND VENUE ARE PROPER IN THIS COURT

This Court has original subject matter jurisdiction over the claims in this action pursuant to the provisions of the Federal Copyright Act, 17 U.S.C. § 101, et seq., 28 U.S.C. § 1338(a)–(b), and 28 U.S.C. § 1331. Venue is proper in this Court pursuant to 28 U.S.C. § 1391, and this Court may properly exercise personal jurisdiction over Defendants since the Defendants directly target business activities toward consumers in Illinois and cause harm to Plaintiff's business within this judicial district. *See* [1] at ¶ 2; *uBID, Inc. v. GoDaddy Grp., Inc.*, 623 F.3d 421, 423-24 (7th Cir.

3

2010) (without benefit of an evidentiary hearing, plaintiff bears only the burden of making a prima facie case for personal jurisdiction; all of plaintiff's asserted facts should be accepted as true and any factual determinations should be resolved in its favor).

Through at least the fully interactive commercial internet websites and online marketplace accounts operating under the Defendant Internet Stores, the Defaulting Defendants have targeted sales from Illinois residents by operating various Defendant Internet Stores that offer shipping to the United States, including Illinois, accept payment in U.S. dollars, and, on information and belief, have sold products bearing infringing versions of Plaintiff's federally registered copyrights to residents of Illinois. [1] at ¶ 2. As such, personal jurisdiction is proper since the Defaulting Defendants are committing tortious acts in Illinois, are engaging in interstate commerce, and have wrongfully caused Plaintiff substantial injury in the State of Illinois. *See, e.g., NBA Properties, Inc. v. HANWJH*, NO. 21-2909, 2022 WL 3367823, at \*7 (7th Cir. Aug. 16, 2022) (concluding that personal jurisdiction is proper when a defendant purposefully directs its actions to Illinois via third-party online retailers); *see also, e.g., Carolina Windmuller v. The Partnerships and Unincorporated Associations Identified on Schedule "A",* No. 26-cv-00486 (N.D. Ill. Mar. 10, 2026); *Rarog j.d.o.o. v. The Partnerships and Unincorporated Associations Identified on Schedule "A",* No. 25-cv-15188 (N.D. Ill. Jan. 29, 2026).

## II.     PLAINTIFF HAS MET THE REQUIREMENTS FOR ENTRY OF DEFAULT

Pursuant to Rule 55(a) of the Federal Rules of Civil Procedure, "when a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit, or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). On April 15, 2026, Plaintiff filed the Complaint [1] alleging Copyright Infringement (Count I). The Defendants were properly served on May 1, 2026. [19]. Despite having been served with

4

process, the Defaulting Defendants have ignored these proceedings and failed to plead or otherwise defend this action. Vogt Declaration at ¶ 2. Upon information and belief, the Defaulting Defendants are not active-duty members of the U.S. armed forces. *Id.* at ¶ 3. Accordingly, Plaintiff asks for entry of default against the Defaulting Defendants.

## III. PLAINTIFF HAS MET THE REQUIREMENTS FOR ENTRY OF DEFAULT JUDGMENT

Rule 55(b)(2) of the Federal Rules of Civil Procedure provides for a court-ordered default judgment. A default judgment establishes, as a matter of law, that defendants are liable to plaintiff on each cause of action alleged in the complaint. *United States v. Di Mucci*, 879 F.2d 1488, 1497 (7th Cir. 1989). When the Court determines that a defendant is in default, the factual allegations of the complaint are taken as true and may not be challenged, and the defendants are liable as a matter of law as to each cause of action alleged in the complaint. *Black v. Lane*, 22 F.3d 1395, 1399 (7th Cir. 1994).

At least twenty-one (21) days have passed since Defendants were served, and no answer or other responsive pleading has been filed by the Defaulting Defendants identified in First Amended Schedule A. *See* Fed. R. Civ. P. 12(a)(1)(A). Accordingly, default judgment is appropriate and consistent with previous similar cases in front of this Court. Plaintiff requests an award of statutory damages as authorized by 17 U.S.C. §504(c)(2) for willful copyright infringement. Plaintiff also seeks entry of a permanent injunction prohibiting Defaulting Defendants from selling Infringing Products, and an order that all assets in Defaulting Defendants' financial accounts operated by Amazon, Temu, and PayPal as well as any newly identified accounts, be transferred to Plaintiff.

### A.    Copyright Infringement

To properly plead a claim of copyright infringement under 17 U.S.C. § 501, a plaintiff must prove two elements: (1) ownership of a valid copyright and (2) copying of constituent elements of the work that are original. *JCW Investments, Inc. v. Novelty, Inc.*, 482 F.3d 910, 914 (7th Cir. 2007). Moreover, copyright protection extends to works derived from the original work since Section 101 of the Copyright Act defines a "derivative work" as "a work based upon one or more preexisting works, such as a translation, musical arrangement, dramatization, fictionalization . . ., or any other form in which a work may be recast, transformed, or adapted." 17 U.S.C. § 101.

Here, Plaintiff owns the registered copyrights in the Milkyprint Works. [1] at ¶¶ 3, 5, 10. Plaintiff alleged in the Complaint that Plaintiff's Milkyprint Works have been infringed. *Id*. at ¶¶ 17-22. Since the Defaulting Defendants have failed to respond or otherwise plead in this matter, the Court must accept the allegations contained in Plaintiff's Complaint as true. *See* Fed. R. Civ. P. 8(b)(6); *Am. Taxi Dispatch, Inc., v. Am. Metro Taxi & Limo Co.,* 582 F. Supp. 2d 999, 1004 (N.D. Ill. 2008). Accordingly, Plaintiff requests entry of judgment with respect to Count I for willful copyright infringement against the Defaulting Defendants.

### B.    Statutory Damages Are Appropriate in this Case

Pursuant to the statutory damages provision of the Copyright Act, 17 U.S.C. § 504(c)(1), a plaintiff in a case involving the use of a copyright infringement may elect to receive "not less than $750 or more than $30,000 as the court considers just." 17 U.S.C. § 504(c)(1). When the copyright infringement is found to be willful, 17 U.S.C. § 504(c)(2) provides for statutory damages "to a sum of not more than $150,000." 17 U.S.C. § 504(c)(2).

The Seventh Circuit's standard for awarding statutory damages for copyright infringement under 17 U.S.C. § 504(c) is articulated in *Chi-Boy Music v. Charlie Club*, 930 F.2d 1224, 1229

6

(7th Cir. 1991). Further, in the Seventh Circuit, infringing conduct is willful where the defendant knows that his conduct constitutes infringement or where he shows reckless disregard of the copyright owner's rights. *See Wildlife Express Corp. v. Carol Wright Sales, Inc.*, 18 F.3d 502, 511 (7th Cir. 1994). As such, knowledge need not be proven directly but can be inferred from a defendant's conduct. *In re Aimster Copyright Litigation*, 334 F.3d 643, 650 (7th Cir. 2003) (Finding that "[w]illful blindness is knowledge, in copyright law").

Here, Defendants had knowledge that their activities constituted infringement or at least a reckless disregard of Plaintiff's rights in the Milkyprint Works because Defendants are intentionally coupling the Infringing Milkyprint Products with goods derived from the images in Plaintiff's copyrighted works. Thus, Plaintiff's request for a statutory damages award of twelve thousand five hundred dollars ($12,500) from Defaulting Defendants for willful copyright infringement of the Milkyprint Works is appropriate. *See, e.g., Carolina Windmuller v. The Partnerships and Unincorporated Associations Identified on Schedule "A",* No. 26-cv-00486 (N.D. Ill. Mar. 10, 2026); *Rarog j.d.o.o. v. The Partnerships and Unincorporated Associations Identified on Schedule "A",* No. 25-cv-15188 (N.D. Ill. Jan. 29, 2026).

The USPTO's Office of Policy and International Affairs and the National Telecommunications and Information Administration ("NTIA"), together working as part of the Department of Commerce's Internet Policy Task Force, conducted a review of the relationship between the availability and protection of online copyrighted works and innovation in the internet economy. The Internet Policy Task Force's White Paper on Remixes, First Sale, and Statutory Damages (White Paper) was published on January 28, 2016 (*see* Exhibit 1), which recognizes in copyright law that reduced damages may be warranted to avoid impeding new creative works, e.g., remixes – works created through changing and combining existing works to produce something

7

new and creative – as part of a trend of user generated content. *Id*. at 98. However, in cases of willful infringement, such as before this Court, the same report finds that high statutory damages are warranted since "[t]hese circumstances present the clearest need for deterrence and punishment. *Id.* at 99. Moreover, regarding straight-out counterfeiting where impeding creativity is not a concern, The Office of the U. S. Trade Representative issued findings of the Special 301 Out-of-Cycle Review of Notorious Markets for 2015, December 2015 (*see* Exhibit 2), highlighted disturbing trends in the marketing and distribution of counterfeit goods online, with escalating levels of counterfeit sales online including an increase in the services that support such operations.

Accordingly, a significant consideration should be whether infringing sales were made over the internet, the rationale being that sales over the internet increases the amount of an award because use of the internet made the infringement widely available. A finding of willful infringement is warranted along with an award of twelve thousand five hundred dollars ($12,500) in statutory damages. *See, e.g., Carolina Windmuller v. The Partnerships and Unincorporated Associations Identified on Schedule "A",* No. 26-cv-00486 (N.D. Ill. Mar. 10, 2026); *Rarog j.d.o.o. v. The Partnerships and Unincorporated Associations Identified on Schedule "A",* No. 25-cv-15188 (N.D. Ill. Jan. 29, 2026).

### C.      Plaintiff is Entitled to Permanent Injunctive Relief

In addition to the foregoing relief, Plaintiff respectfully requests entry of a permanent injunction enjoining Defaulting Defendants from infringing or otherwise violating Plaintiff's Milkyprint Works. In this District, the "standard for a permanent injunction is essentially the same as for a preliminary injunction except that in seeking a permanent injunction, [Plaintiff] must prove actual success on the merits rather than likelihood of success on the merits." *Hicks v. Peters*, 10 F. Supp. 2d 1003, 1004 (N.D. Ill. 1998); *See Plummer v. American Institute of Certified Public*

*Accounts,* 97 F.3d 220, 229 (7th Cir. 1996) ("Thus, when the plaintiff is seeking a permanent injunction, the first of the four traditional factors is slightly modified, for the issue is not whether the plaintiff has demonstrated a reasonable *likelihood* of success on the merits, but whether he has *in fact* succeeded on the merits."). The remaining factors are (2) that no adequate remedy at law exists, and (3) that it will suffer irreparable harm if the injunction is not granted. *See Ty, Inc. v. The Jones Group, Inc.*, 237 F.3d 891, 895 (7th Cir. 2001).

If the Court is satisfied that these three conditions have been met, then it must consider the harm that the nonmoving party will suffer if preliminary relief is granted, balancing such harm against the irreparable harm the moving party will suffer if relief is denied. *Id*. Finally, the Court must consider the potential effect on the public interest (non-parties) in denying or granting the injunction. *Id*. The Court then weighs all of these factors, "sitting as would a chancellor in equity," when it decides whether to grant the injunction. *Id*. (quoting *Abbott Labs. v. Mead Johnson & Co.*, 971 F.2d 6, 11 (7th Cir. 1992). This process involves engaging in what the Court has deemed "the sliding scale approach" – the more likely the plaintiff will succeed on the merits, the less the balance of harms need favor the plaintiff's position. *Id*. The sliding scale approach is not mathematical in nature, rather "it is more properly characterized as subjective and intuitive, one which permits district courts to weigh the competing considerations and mold appropriate relief." *Id*. at 895-96.

### 1. Plaintiff has Proved Actual Success on the Merits

To establish copyright infringement under 17 U.S.C. § 501, a plaintiff must prove two elements: (1) ownership of a valid copyright and (2) copying of constituent elements of the work that are original. *JCW Investments, Inc. v. Novelty, Inc.*, 482 F.3d 910, 914 (7th Cir. 2007). Moreover, copyright protection extends to works derived from the original work since Section 101

of the Copyright Act defines a "derivative work" as "a work based upon one or more preexisting works, such as a translation, musical arrangement, dramatization, fictionalization . . ., or any other form in which a work may be recast, transformed, or adapted." 17 U.S.C. § 101. Here, Plaintiff owns the registered copyrights for the Milkyprint Works. Declaration of Mong Shan Chang (the "Chang Declaration") at ¶ 5. The accused products use the protected works or are derived from the distinctive creative content found in the Milkyprint Works. *See* [13-1]. As such, the infringement is clear and establishes that Plaintiff has proven actual success on the merits of this claim.

### 2. There is No Adequate Remedy at Law and Plaintiff will Suffer Irreparable Harm in the Absence of Permanent Relief

Irreparable injury "almost inevitably follows" when there is a high probability of confusion because such injury "may not be fully compensable in damages." *Helene Curtis Industries, Inc. v. Church & Dwight Co., Inc.*, 560 F.2d 1325, 1332 (7th Cir. 1977) (citation omitted). "The most corrosive and irreparable harm attributable to trademark infringement is the inability of the victim to control the nature and quality of the defendants' goods." *Int'l Kennel Club of Chicago, Inc. v. Mighty Star, Inc.*, 846 F.2d 1079, 1092 (7th Cir. 1988).

The harms caused by the copyright infringement of the Milkyprint Works are equally insidious. The infringements deprive Plaintiff of the ability to control the creative content protected by the copyrights, they devalue the Milkyprint Works by associating them with inferior quality goods, and they undermine the value of the copyrights by creating the impression that infringement may be undertaken with impunity, which threatens Plaintiff's ability to develop further artwork and markets for the existing works. Chang Declaration at ¶¶ 6-12. These are recognized irreparable harms for which monetary compensation is inadequate. *See MGM Studios, Inc. v. Grokster, Ltd.*, 518 F. Supp. 2d 1197, 1219 (C.D. Cal. 2007) ("In sum, Plaintiffs have offered two independently

sufficient grounds for a finding of irreparable harm. Plaintiff will suffer irreparable harm because of StreamCast's likely inability to pay for the past and/or future infringements that it has induced. Additionally, StreamCast's inducement has and will continue to irreparably harm Plaintiff's ability to enforce its exclusive rights."); *Warner Bros. Entm't, Inc. v. WTV Sys.*, 824 F. Supp. 2d 1003, 1013-14 (C.D. Cal. 2011) (recognizing that the perception of the ability to infringe copyright protected work undermines the ability to develop and conduct business). Plaintiff will suffer irreparable harm if a permanent injunction is not issued. *See* Chang Declaration at ¶ 13. Accordingly, Plaintiff has established that Plaintiff will be irreparably harmed by Defendant's infringing conduct.

### 3. The Balance of Hardships Tips in Plaintiff's Favor

As noted above, if the Court is satisfied that Plaintiff has demonstrated (1) actual success on the merits, (2) no adequate remedy at law, and (3) the threat of irreparable harm if preliminary relief is not granted, then it must next consider the harm that Defendants will suffer if preliminary relief is granted, balancing such harm against the irreparable harm Plaintiff will suffer if relief is denied. *See Ty, Inc.,* 237 F.3d at 895; *Hicks*, 10 F. Supp. 2d. at 1004.

As willful infringers, Defendants are entitled to little equitable consideration. "When considering the balance of hardships between the parties in infringement cases, courts generally favor the trademark owner." *Krause Int'l Inc. v. Reed Elsevier, Inc.*, 866 F. Supp. 585, 587-88 (D.D.C. 1994). This is because "[o]ne who adopts the marks of another for similar goods acts at his own peril since he has no claim to the profits or advantages thereby derived." *Burger King Corp. v. Majeed*, 805 F. Supp. 994, 1006 (S.D. Fla. 1992) (internal quotation marks omitted). This is equally true in the copyright context, since Defendant "cannot complain" of being forced to

11

cease its infringement. *Warner Bros. Entm't, Inc. v. WTV Sys.*, 824 F. Supp. 2d 1003, 1014-15 (C.D. Cal. 2011).

As Plaintiff has demonstrated, Defendants have been profiting from the sale of Infringing Milkyprint Products. Thus, the balance of equities tips decisively in Plaintiff's favor.

### 4. Issuance of the Injunction is in the Public Interest

"[I]t is virtually axiomatic that the public interest can only be served by upholding copyright protections and correspondingly, preventing the misappropriation of skills, creative energies, and resources which are invested in the protected work." *Apple Computer, Inc. v. Franklin Computer Corp.*, 714 F.2d 1240, 1255 (3rd Cir. 1983). This is especially true here since protecting the creative content of the Milkyprint Works extends far beyond protecting the works of the producing studio or artist. It also protects the integrity of Milkyprint Products and encourages creative expression.

Moreover, federal courts have long held that "the trademark laws ... are concerned not alone with the protection of a property right existing in an individual, but also with the protection of the public from fraud and deceit." *Stahly, Inc. v. M.H. Jacobs Co.*, 183 F.2d 914, 917 (7th Cir. 1950) (citations omitted). This is equally true in the copyright context. In this case, the injury to the public is significant, and the injunctive relief that Plaintiff seeks is specifically intended to remedy that injury by dispelling the public confusion created by Defendants' actions. The public has the right not to be confused and defrauded as to the source of the goods and services offered by Defendants, or as to the identity of the owner of copyright used in connection with those goods. Unless Defendants' unauthorized use of the Milkyprint Works is enjoined, the public will continue to be confused and misled by Defendants' conduct.

12

## IV.    CONCLUSION

Plaintiff respectfully requests that the Court enter default and default judgment against Defaulting Defendants, award statutory damages in the amount of twelve thousand five hundred dollars ($12,500) from Defaulting Defendants pursuant to 17 U.S.C. § 504(c)(2), and enter a permanent injunction order prohibiting Defaulting Defendants from selling Infringing Milkyprint Products and transferring all assets in Defaulting Defendants' financial accounts operated by Amazon, Temu, and PayPal to Plaintiff.

DATED: June 2, 2026                                Respectfully submitted,

*/s/ Keith A. Vogt*
Keith A. Vogt
FL Bar No. 1036084/IL Bar No. 6207971
Keith A. Vogt PLLC
1820 NE 163rd Street, Suite #306
North Miami Beach, Florida 33162
Telephone: 312-971-6752
E-mail: keith@vogtip.com

***ATTORNEY FOR PLAINTIFF***

## **CERTIFICATE OF SERVICE**

I hereby certify that on June 2, 2026, I will electronically file the foregoing with the Clerk of the Court using the CM/ECF system, I will electronically publish the documents on a website, and I will send an e-mail to any e-mail addresses provided for Defendant by third parties that includes a link to said website.

/s/ *Keith A. Vogt*
Keith A. Vogt, Esq.